The order below is hereby signed.

Signed: April 13 2015



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
CHENG & COMPANY L.L.C.,         )   Case No. 15-00014
                                )   (Chapter 11)
              Debtor.           )   Not for publication in
                                )   West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER
RE EMERGENCY MOTION BY DEBTOR TO SHORTEN
TIME ON REQUEST TO EXTEND TIME TO FILE PLAN
(11 U.S.C. § 362(d)(3)) ON AN INTERIM BASIS OR TO
DETERMINE WHETHER DEBTOR IS SUBJECT TO SUCH SECTION

On April 13, 2015, the court held a hearing to address the *Emergency Motion by Debtor to Shorten Time on Request to Extend Time to File Plan (11 U.S.C. § 362(d)(3)) on an Interim Basis or in the Alternative to Determine Whether Debtor is Subject to Such Section* (Dkt. No. 30).

Today was the 90th day of the case. Section 362(d)(3) provides that the deadline for complying with 11 U.S.C. § 362(d)(3)(A) or (B) is the later of 90 days after filing a voluntary petition or "30 days after the court determines" that the debtor's real property is a "single asset real estate" such that § 362(d)(3) applies to the case. Until the court determines

that the debtor's real property is a "single asset real estate," the 30-day period does not commence. *In re 231 Fourth Ave. Lyceum, LLC,* 506 B.R. 196, 202 (Bankr. E.D.N.Y. 2014) (court order determined that debtor was a single asset real estate case); *In re Salem Logistics Distribution Services, LLC*, 2009 WL 1783547 (Bankr. M.D.N.C. June 22, 2009); *In re ACA Real Estate LLC*, 2008 WL 4899024 (M.D.N.C. Nov. 12, 2008)).  A debtor's designation of its case as a single asset real estate case may furnish the basis for the court to enter an order determining that the debtor's real property is a single asset real estate, but that is not a determination by the court that the asset is a single asset real estate.  The court determined at today's hearing that the debtor's real property is a single asset real estate, and accordingly the debtor has 30 days within which to comply with paragraph (A) or (B) of § 362(d)(3).

However, an extension of the deadline to comply with paragraph (A) or (B) is only possible if the court extends the shorter period of 90 days.  The statute does not provide for extending the 30-day deadline but instead addresses extending the 90-day deadline to "such later date as the court may determine for cause by order entered within that 90-day period."

The debtor filed its motion as an emergency matter only two business days ago, and the court could well have decided to deny the motion because the emergency (of needing the entry of an

order by today, the last day of the 90-day period) was one of the debtor's own making.  Moreover, the debtor's showing of cause was only that the debtor is disputing the claim of the opposing creditor, MR 619 H Street Capital LLC, in the Superior Court of the District of Columbia (as set forth in a complaint that was an exhibit to an earlier motion in this case), and an emergency hearing on two days' notice does not provide sufficient time to address the issue.  Nor have the parties briefed the issue of how courts have applied § 362(d)(3) when the secured creditor's claim is disputed.  However, because the debtor has until 30 days after today to comply with paragraph (A) or (B), there is no substantial prejudice to the opposing creditor, MR 619 H Street Capital LLC, if I decide the issue of granting an extension of the 90-day period on a more orderly briefing schedule, and hear the matter on the earliest date that the court and counsel are available for a hearing.  In its motion, the debtor should show cause supported by affidavits or other evidence regarding any probability that the secured claim asserted by MR 619 H Street Capital LLC is not owed.

In accordance with the foregoing and the ruling announced in open court, it is

ORDERED that:

1.  By April 23, 2015, the debtor shall file a motion showing cause why the court should extend the 90-day period of

§ 362(d)(3), supporting that motion with affidavits or other evidence.

    2.   By May 7, 2015, MR 619 H Street Capital LLC, shall file an opposition, supported by affidavits or other evidence as appropriate.

    3.   The court will hear the debtor's new motion on May 15, 2015, at 2:00 p.m.

    4.   The court extends the 90-day period of § 362(d)(3) until May 15, 2015, and until any further extension set as a result of the hearing on May 15, 2015.

    5.   The instant motion (Dkt. No. 30) is otherwise DENIED.

                                         [Signed and dated above.]

Copies to: Recipients of e-notification of filings.