The order below is hereby signed.

Signed: March 15 2016



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CHENG & COMPANY, L.L.C. | ) | Case No. 15-00014 |
| | ) | |
| Debtor. | ) | |

## ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION, AS MODIFIED

UPON consideration of the attached Second Amended Plan of Reorganization, as Modified, proposed by Cheng & Company, L.L.C. ("Debtor") dated March 11, 2016 (the "Plan"), and it appearing that the Debtor and the Plan have satisfied all of the applicable requirements of Section 1129(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and for the reasons stated by this Court on the record at the conclusion of the hearing to consider confirmation of the Plan held on March 11, 2016, and for other good cause shown, it is, by the United States Bankruptcy Court for the District of Columbia, hereby

ORDERED, that the Plan be, and it is hereby, CONFIRMED; and it is further

ORDERED, that within seven (7) days after entry of this Order counsel for the Debtor will serve a copy of this Order, with the Plan attached, upon all parties in interest, and certify service thereof.

**End of Order**

Cc:

Ronald J. Drescher
4 Reservoir Circle, Sutie 107
Baltimore, MD 21208

Bradley D. Jones
Office of the U.S. Trustee
115 South Union Street
Suite 210, Plaza Level
Alexandria, VA 22314

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CHENG & COMPANY, L.L.C. | ) | Case No. 15-00014 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION, AS MODIFIED**
(March 11, 2016)

Cheng & Company, L.L.C., the Debtor and Debtor-in-possession, proposes the following Plan of Reorganization pursuant to 11 U.S.C. § 1121(c):

ARTICLE I

DEFINITIONS

In this Plan:

1.1. Allowed Administrative Expense(s) or Claim(s) means all administrative expenses allowed under section 503(b) of the Code.

1.2. Allowed Claim(s) means a Claim: (a) if no objection to the allowance of the Claim is interposed within any applicable period of limitation fixed by Rule or an order of the Court: (i) in the amount for which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or an Order of the Court, or (ii) in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), as such may be amended pursuant to Rule 1009 prior to the Confirmation Date, and not listed as disputed, contingent or unliquidated as to amount; or (b) if an objection to the allowance of the Claim is interposed within the applicable period of limitation fixed by Rule or order of the Court, in an amount determined by the Court by a final order allowing such Claim.

1.3. Allowed Priority Claim(s) means any Allowed Claim entitled to priority of payment under sections 507(a)(3) through 507(a)(7) of the Code.

1.4. <u>Allowed Secured Claim(s)</u> means an Allowed Claim secured by a valid lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under section 553 of the Code, to the extent the value (determined in accordance with section 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be.  That portion of such Allowed Claim exceeding the value of security held therefore will be an Allowed Unsecured Claim, except as modified by this Plan.

1.5. <u>Allowed Tax Claim(s)</u> means any Allowed Claim entitled to priority of payment under section 507(a)(8) of the Code.

1.6. <u>Allowed Unsecured Claim(s)</u> means an Allowed Claim against the Debtor which is not an Allowed Administrative Expense, Allowed Priority Claim or Allowed Secured Claim.

1.7. <u>Bank of Georgetown</u> means Bank of Georgetown, the holder of note secured by a first priority deed of trust encumbering the Property.

1.8. <u>Bankruptcy Court Litigation</u> means the litigation between Debtor and MR 619 concerning Debtor's objection to the proof of claim that MR 619 filed in this Chapter 11 case.

1.9. <u>Chapter 11</u> means Chapter 11 of the Code.

1.10. <u>Claim(s)</u> means any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against the Debtor or property of the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.11. <u>Claimant</u> means a Person holding a Claim against the Debtor.

1.12. <u>Class(es)</u> means any Class into which an Allowed Claim or Allowed Interest is classified pursuant to Article II hereof.

1.13. <u>Code</u> means the United States Bankruptcy Code, 11 U.S.C §§ 101 <u>et</u> <u>seq.</u>, and any amendments thereof.

2

1.14. Confirmation or Confirmation Date means the date upon which the Order of Confirmation is entered by the Court.

1.15. Court means (a) the United States Bankruptcy Court for the District of Columbia, in which this Reorganization Case, pursuant to which this Plan is proposed, is pending; (b) any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom; or (c) any successor thereof that may be established by any Act of Congress relating to bankruptcy or the United States District Court for the District of Columbia, to the extent that the United States District Court for the District of Columbia may lawfully exercise subject matter jurisdiction over the Reorganization Case.

1.16. Debtor means Cheng & Company, L.L.C.

1.17. Effective Date means the later of (a) the date the Order of Confirmation becomes final and any appeal had been resolved or the time for appeal, including any extension available for excusable neglect under Rule 8002(c) has expired, provided that an affected party has obtained a stay pending appeal, or (b) the date any Court order staying or otherwise precluding execution of this Plan or any part hereof has been nullified, vacated, modified or appealed, and any further appeals have been resolved or the time for any further appeal has expired.  If such day falls on a Saturday or Sunday or legal holiday, the Effective Date will mean the first business day thereafter.

1.18. Executory Contract(s) means all contracts, including unexpired leases, to which the Debtor is a party and which are executory within the meaning of section 365 of the Code.

1.19. Final Distribution Date means the date at which time all litigation matters concerning the estate and all claims objections are resolved and the funds on hand in the estate may be disbursed and the estate closed.

1.20. Interim Distribution Date means any date, subject to Order of the Court, upon which a portion of the funds on hand in the estate may be paid to holders of allowed claims.

1.21. MR 619 means MR 619 H Street Capital LLC, holder of a disputed claim secured by a second priority deed of trust encumbering the Property.

3

1.22. Order of Confirmation means the order entered by the Court confirming this Plan in accordance with the provisions of Chapter 11.

1.23. Person(s) means an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization or government or any agency or political subdivision thereof.

1.24. Petition Date means January 13, 2015, the date on which the Debtor filed its Chapter 11 petition with the Court.

1.25. Plan means this Plan of Reorganization.

1.26. Professional(s) means all attorneys, accountants, appraisers, consultants and other professionals retained under an order of the Court on behalf of the Debtor or any committee appointed pursuant to 11 U.S.C. § 1102.

1.27. Property means the real property belonging to the Debtor located on 619 H Street, N.W., Washington DC 20001.

1.28. Reorganization Case means Case No. 15-00014 in the Court.

1.29. Resolution Date means the date that the Bankruptcy Court Litigation is resolved by entry of a judgment by the Bankruptcy Court notwithstanding any motion to alter such judgment or appeal from such judgment.

1.30. Rule(s) means the Federal Rules of Bankruptcy Procedure, as amended and supplemented by any local bankruptcy rules adopted by the Court.

1.31. Superior Court Litigation means the litigation styled *614 Eye Street, LLC and Anthony Chun Yuk Cheng and Yun-Li Cheng and Cheng & Company, LLC, plaintiffs vs. ACY and YL Cheng, LLC and MR 619 H Street Capital, LLC, defendants*, Case No. 14-008112, pending in the Superior Court of the District of Columbia.

ARTICLE II

CLASSIFICATION OF CLAIMS AND INTERESTS

2.1. Class 1 Claims. Allowed Administrative Expenses of the Debtor's Reorganization Case allowed pursuant to section 503(b) of the Code. Class 1 Claims are not impaired.

4

2.2. <u>Class 2 Claims</u>. Allowed Claims entitled to priority pursuant to section 507(a)(3) through (a)(7) of the Code. Class 2 Claims, if any should exist on the Confirmation Date, are not impaired.

2.3. <u>Class 3 Claims</u>. Allowed Tax Claims entitled to priority pursuant to section 507(a)(8) of the Code. Class 3(b) Claims are impaired but not entitled to vote in connection with the Plan.

2.4. <u>Class 4 Claim</u>. The Allowed Claim of Bank of Georgetown secured by the Property. The Class 4 Claim is unimpaired.

2.5. <u>Class 5 Claim</u>. The Allowed Claim of MR 619 secured by the Property. The Class 5 Claim is unimpaired.

2.6. <u>Class 6 Claims.</u> All Allowed Unsecured Claims not treated elsewhere in this Plan. The Class 6 Claims are unimpaired.

2.7. <u>Class 7 Interests</u>. All Allowed Interests of the Debtor.

## ARTICLE III

### TREATMENT OF CLAIMS AND INTERESTS

If the Debtor does not obtain the consent of all impaired classes of creditors, the Debtor intends to rely on the provisions of section 1129(b) of the Code.

3.1. Class 1 Claims. Unless the holders of such Expenses agree otherwise, all Allowed Administrative Expenses will be paid in full thirty days after the Effective Date, unless otherwise agreed upon by the Person claiming such expense and the Debtor; provided, however, that (a) Administrative Expenses incurred in the ordinary course of business will be paid in the ordinary course of business, and (b) Professionals are required to apply to the Court for approval of their fees, costs, and disbursements. The fees, costs and disbursements of Professionals approved by the Court will be paid in full on the later of thirty (30) days after the Effective Date or ten days after the entry of an order allowing such payment. Any Professional also may apply to the Court for an interim allowance of fees, costs and disbursements at any time prior to payment

5

in full.  Interim fee allowances before the Effective Date may be paid within ten (10) days from the entry of an order allowing such payment.

       3.2.    Class 2 Claims.  The holders of Class 2 Claims, unless they agree otherwise, will be paid in full thirty (30) days after the Effective Date.

       3.3.    Class 3 Claims.  Holders of Class 3 Claims, unless they agree otherwise, will be paid in full thirty (30) days after the Effective Date.

       3.4.    Class 4 Claim. Bank of Georgetown will retain its lien in the Property. The Debtor will continue to make the regular payments and otherwise perform under the terms of the documents giving rise to the Class 4 Claim of Bank of Georgetown. The Class 4 Claim is unimpaired.

       3.5.    Class 5 Claim. MR 619 will retain its lien in the Property and all rights under the H Street Deposit Note and the H Street Mortgage submitted as part of MR 619's proof of claim. MR 619 has filed a proof of claim in this case and the Debtor has filed an objection to such claim. Beginning on the first day of the first full month after Confirmation and continuing on the first day of each month thereafter through and continuing after the Resolution Date and until the claim is paid in full, Debtor will make monthly interest payments to MR 619 calculated by applying the Prime Rate published from time to time in *The Wall Street Journal* upon the amount set forth in the proof of claim that MR 619 has filed in this case, $1,378,245.22, notwithstanding any appeal or stay of the Resolution Date. Within fifteen (15) days after the Resolution Date, unless such date is stayed by a court of competent jurisdiction, the Debtor will pay MR 619 in cash, and in full, the amount of the claim that is allowed to MR 619 in this Chapter 11 case, plus all unpaid interest that may be due to MR 619 pursuant to the documents that gave rise to the Class 5 Claim, which shall include any unpaid interest that was subject to the compounding provisions of such documents. Thereafter, in the event that MR 619 receives an award of attorneys' fees in this case, Debtor will pay such fees in cash and in full within fifteen (15) days after entry of a final order awarding such fees, unless such order is stayed by a court of competent jurisdiction. Upon the payment in full of all sums owed to MR 619, MR 619 will

6

deliver to Debtor sufficient documents to effect the release of the lien held by MR 619 in the Property.

The Class 5 Claim is unimpaired.

3.6.    Class 6 Claims. All Allowed Unsecured Claims not treated elsewhere in this plan. On the Effective Date, each holder of an Allowed Class 6 Claim, unless they agree, either formally or informally, to a different treatment, will receive a cash payment equal to one hundred percent (100%) of such Allowed Class 6 Claim, plus interest on such claim from the Petition Date through the date of the payment of such claim. Interest will accrue and be paid on any such claim at the higher of the rate established in any document giving rise to such Class 6 Claim or the rate of 4.25 per cent per annum. The Class 6 Claims are unimpaired.

3.7.    Class 7 Interests. Following the Effective Date, the outstanding equity security interests in the Debtor remain intact and unaffected by this Plan. The Class 7 Interests are unimpaired.

## ARTICLE IV

## EXECUTION AND IMPLEMENTATION OF THE PLAN

4.1.    The funds necessary to pay all Allowed Claims will be obtained from a combination of: the rents received by the Reorganized Debtor; capital contributions or loans to be made to the Reorganized Debtor from its interest holders or other insiders; a sale or refinance of the Property; or other loans to be procured by the Reorganized Debtor.

## ARTICLE V

## AMENDMENTS AND MODIFICATIONS

5.1.    The Debtor reserves the right in accordance with the Code to amend and modify this Plan prior to the Confirmation Date. After the Confirmation Date, the Debtor may, upon

7

order of the Court, in accordance with section 1127(b) of the Code, remedy any defects or omissions or reconcile any inconsistencies in this Plan in such manner as may be necessary to carry out the purposes and intent of this Plan.

## ARTICLE VI

## EXECUTORY CONTRACTS

6.1. Unless rejected by the Debtor prior to the Effective Date, all Executory Contracts will be assumed upon Confirmation.

## ARTICLE VII

## RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction for the following purposes until such time as the Debtor's obligations under the Plan are fully discharged and the Court enters the final order terminating the Reorganization Case:

7.1. Classification of a Claim and the reexamination of a Claim which may have been allowed for the purposes of voting and the determination of such objections as may be filed to Claims. The failure by the Debtor to object to or to examine any claims for the purposes of voting will not be deemed to be a waiver of the Debtor's right to object to or to reexamine the Claims in whole or in part. The Debtor may object to any Claim within ninety (90) days after the Confirmation Date.

7.2. Determination of all questions or disputes regarding title to the assets of the Debtor and determination of causes of action, preferences, fraudulent conveyances, controversies, disputes or conflicts, whether or not subject to action pending as of the Confirmation Date, between the Debtor and any other party.

7.3. Correction of any defect, curing of any omission or the reconciliation of any inconsistencies in this Plan, or in the order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan.

    7.4.    Enforcement and interpretation of the terms and conditions of this Plan.

    7.5.    Entry of an order including injunctive relief necessary to enforce the rights, title, interests and powers of the Debtor and such limitations to, restrictions on, or terms and conditions of such rights, title, interests, and powers which the Court may deem necessary.

    7.6.    Entry of an order completing and terminating this Reorganization Case.

    7.7.    Adjudication of actions pursuant to the avoiding powers contained in Sections 544 through 553 of the Code.

    7.8.    Such other purposes as the Court deems necessary and reasonable to carry out the intent and objectives of this Plan.

## ARTICLE VIII

## MISCELLANEOUS PROVISIONS

    8.1.  All pre-confirmation fees payable to the United States Trustee, pursuant to 28 U.S.C. § 1930, shall be paid on or before the Effective Date of the Plan. For purposes of this provision, disbursements include all disbursements made by the estate, whether pursuant to this Plan or otherwise.

Dated: March 11, 2016                          CHENG & COMPANY, L.L.C.

                                              /s/Ronald J. Drescher
                                              Ronald J. Drescher
                                              Drescher & Associates, P.A.
                                              4 Reservoir Circle
                                              Suite 107
                                              Baltimore, MD 21208
                                              (410) 484-9000

                                              Counsel for Debtor